JAS. T. CARTER'S ADMR. *v.* JOSIAH BRUMMELL'S EXOR.

**Executors and Administrators—Executor De Son Tort.**

It is well settled that an administrator of an administrator does not represent the first estate, and the only grounds upon which an action can be maintained is upon the allegation that the executor de son tort took possession of the first estate.

APPEAL FROM GREEN CIRCUIT COURT.

December 11; 1871.

OPINION OF THE COURT BY JUDGE PRYOR:

David T. Baker was indebted to Josiah Brummell in the sum of four hundred dollars with interest, &c. Baker died and James T. Carter was appointed his Administrator, and took into his possession the goods and effects belonging to Baker's estate. Carter the Administrator of Baker then died, and the present appellant, Thomas P. Hodges, was appointed his Administrator. Brummell, the creditor of Baker also died and John M. Brummell was left his Executor. Baker's debt to Brummell never having been paid Brummell's Executor (the present appellee), instituted his suit at law, against the appellant Thomas Hodges, Administrator of Carter, who was the Administrator of Baker, upon the indebtedness of Baker, to his intestate. No defense was made to the action, and a judgment rendered against the appellant Hodges, Administrator of Carter, for four hundred dollars with interest *"to be levied of the estate of David Baker unadministered, which came to the hands of James T. Carter and in the hands of Carter's Administrator, the appellant."*

On this judgment an execution issued and was returned no property found. Brummell's Executor then filed the present petition against the appellant Hodges, as Administrator of Carter, alleging "that the appellant, as the Administrator of Carter, had received into his hands, the property and effects of David T. Baker, left by Carter, Baker's Administrator, unadministered, and that he failed and refused to pay the judgment obtained at law, although he had assets sufficient to pay the same.

The appellant, Hodges, answered denying that any property or assets of Baker, deceased, ever came to his hands, and that he had fully settled up Carter's estate and distributed the assets between his widow and children. The wrong complained of in this case is "that the Administrator of Carter failed to make a proper application of the assets of Baker that came to his hands." It is well settled that an administrator of an administrator does not represent the first intestate, and the only ground upon which this action can be maintained if at all, is upon the allegation, that Baker's property and effects were taken possession of by the appellant, as the Administrator of Carter, and even then, we are inclined to the opinion, that he would be liable as executor de son tort, and not as Carter's Administrator. The judgment first obtained and now sought to be enforced directs the Administrator of Carter to pay the judgment out of the assets of Baker's estate, and the present judgment directs it paid out of Carter's estate. There is no proof in the record showing that any of Baker's effects ever passed into the hands of Hodges, or that he took possession of them either in his own right or as Administrator of Carter. If the proceeding in this case is based upon the idea of a devastavit by Hodges of Carter's estate, it can avail appellee nothing, because, he has no judgment against Carter's estate, and there is no allegation that such a judgment was had, either vs. Carter or the Administrator of Carter; but the judgment itself shows that it is to be made out of Baker's estate, and no part of this estate ever came to appellant's hands. The appellant has also made a settlement and distribution of the whole of his intestate's effects between his widow and children and no right of action exists against him authorizing a personal judgment or a judgment as Administrator of Carter. The judgment of the court below is reversed with directions to dismiss plaintiff's petition.

*Chelf, James, for appellant.*